IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES L. SHORES, #214873,  )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )  CIVIL ACTION NO. 2:06-CV-222-WHA
                                           )                [WO]
                                           )
THE GREAT STATE OF ALABAMA, et al., )
                                           )
        Defendants.                        )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, James L. Shores ["Shores"], a state inmate, asserts

that private individuals employed by various airlines and transportation companies

throughout the United States, Norman Y. Mineta, Secretary of the Department of

Transportation, and Donald Rumsfeld, Secretary of the Department of Defense, have

invaded his privacy in violation of his constitutional rights.  Shores also seeks to assert

claims on behalf of another inmate and attacks the constitutionality of his convictions for

driving under the influence.

Upon review of the complaint, the court concludes that dismissal of this case prior

to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1]. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A.    *Dismissal of Claims Against Private Individuals*

Shores names Leo L. Mullin, David N. Siegel, Donald J. Conty, Gordon M. Bethune and John W. Creighton, all employees of private companies, as defendants in this cause of action.  To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999) (emphasis in original); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

Employees of private companies do not act under color of state law in performing their job assignments.  In light of the foregoing, it is clear that the aforementioned defendants are not state actors and the claims presented by Shores against these defendants are therefore subject to summary dismissal as frivolous pursuant to the directives 28 U.S.C. § 1915(e)(2)(B)(I).

### B.    *Dismissal of Privacy Claim as Delusional*

Shores asserts that from 1985 until the present date the defendants have invaded his privacy by conducting aerial missions above his places of residence.  The following recitation of facts, although not exhaustive, is representative of the bizarre nature of the

2

facts set forth in the complaint.

In their offices, defendants have and do invade my privacy, tracking my whereabouts and peering into my private business, and through their agents, such as the Federal Aviation Administration, the Air Force, the Army, the major airlines doing business over my state, and now, even the Navy, have and do go in disguise over the highway for the purpose, directly, to taunt me and deprive me of my sanity and, indirectly, to deprive me of work and freedom from imprisonment; this has caused me immeasurable anguish because the defendants combine to exterminate class Driver [persons convicted of DUI], in effect, by vengeful punishment at large in country and to foster hate in order to sustain an illusion of safety and luxury for themselves the non-class member public; under color of law they hinder commerce they seek to inbreed and forever close the open road.

[I]n late August 1995, I was on my way to Catalina in heavy traffic. Perhaps in good-natured fun, from metropolitan Las Vegas, Nevada to my south southeast, the defendant timed and then did raise thirty or forty small aircraft of many types which in passing low overhead en masse interfered completely around twenty-seven megahertz and making personal comments. This caused me to suffer; this cause me to abort a planned trip.

. . . [While resting in a parking lot near] Matin Dam on the Tallapoosa River, . . . a four-engine aircraft passed . . . over the lake.  No one else there seemed to see it; simultaneously, two hundred yards, or less, in the east, a blacked two-rotor helicopter hovered below the horizon in a fall-off at tree-top level.  I believe it is a fact defendant timed and then did this to harass me.  There is no question I suffered for it. . . .

In Spring 2000, [I made a Rising Sun flag and] raised this flag on [the] roof of my home . . . in Homewood, Alabama. . . .  Two, three minutes after I got it up, . . . I observed . . . four by two exhaust, and unmistakable rudder, [defendant's] B-52, streaming east northeast parallel to the house. . . .

In Summer 2003, . . . I had to suffer to witness, the defendants' agents, with their heavy aircraft's contrails, describe a precise double-line box six or seven miles above me. . . .

On or about November 28, 2005 while inside . . . Ventress Prison, I observed in still air an unnatural cloud a mile or two wide that looked every bit like the back end of a 1960 Chevrolet. . . .

[O]n Saturday this February fourth, . . . I had to observe defendant's agents had, with the contrails of their heavy airframes . . . described a neat two by three ratio Saint Andrews' Cross.  [Another aircraft appeared and passed]

under the existing figure; . . . then, the object passed directly over my head . . . it was a cruise missle, down south to the Gulf. This act of the defendant caused me to get in trouble with Lieutenant over a personal matter, be withdrawn from a program in which I had a liberty interest and take me further away from where I want to be.

*Plaintiff's Complaint* at 8-12.

This court shall dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see also*, *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).[2] This section gives a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Examples of such claims are those that describe "fantastic or delusional scenarios." *Id.* at 328.

After carefully reviewing this complaint, the court concludes, without any hesitation, that the facts alleged by the plaintiff rise to the level of the irrational and reflect the ramblings of a troubled and delusional man. The allegations made by Shores are a paradigm of those claims which should be subject to dismissal for frivolousness as they are truly fantastic and wholly incredible. In light of the foregoing, the court concludes that the privacy claim is due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Denton v Hernandez*, 504 U.S. 25 (1992); *Neitzke, supra*.

---

[2]3. Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

### C. Claims on Behalf of Another Inmate

Shores attempts to present claims relative to the violation of inmate Troy Forehand's constitutional rights. In accordance with applicable federal law, Shores lacks standing to assert the constitutional rights of other persons. *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984).

A plaintiff must assert legally cognizable injury in fact, whether real or threatened, before federal courts have jurisdiction. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-19 (1974). Standing involves two aspects. The first is the minimum "case or controversy" requirement of Article III. This requirement mandates that the plaintiff himself suffer actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In addition, the Supreme Court has established several requirements based on prudential considerations. *See Saladin*, *supra*. The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

With respect to claims arising from the alleged violations of other inmates' constitutional rights, Shores is not "asserting his . . . own legal rights and interests [but] rather . . . the legal rights and interests of [a] third part[y]." *Saladin*, 812 F.2d at 690. The claims presented by Shores with respect to such allegations allege "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 at 327. Thus, these claims are frivolous

5

and subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

**D.     *The Challenges to Plaintiff's DUI Convictions***

To the extent Shores presents claims challenging convictions entered against him by the state courts for driving under the influence and his imprisonment arising from such convictions, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

6

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

A judgment in favor of Shores in this cause of action on challenges to the constitutionality of convictions imposed upon him by the State of Alabama would necessarily imply the invalidity of these convictions and any sentence of imprisonment imposed for such convictions. The complaint establishes that the convictions about which Shores complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

7

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The claims presented against Leo L. Mullin, David N. Siegel, Donald J. Conty, Gordon M. Bethune and John W. Creighton be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The invasion of privacy claim be dismissed with prejudice as delusional pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

3.  The claims presented on behalf of inmate Tony Forehand be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff lacks standing to assert these claims.

4.  The plaintiff's challenge to the constitutionality of his convictions and imprisonment for driving under the influence be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

5.  This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before March 27, 2006 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this

Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of March, 2006.


/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE